UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MASSIE,<br><br>                      Plaintiff,<br><br>     -against-<br><br>SPARTAN SECURITY SERVICES; UNION 32BJ SEIU,<br><br>                      Defendants. | 16-CV-7392 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

      By order dated June 16, 2017, the Court denied Plaintiff's request to seal all of the documents filed in this action, as well as his motion "to use audio cassettes." The Court also granted Plaintiff, who appears *pro se* and has paid the relevant fees to bring this action, leave to file an amended complaint within sixty days. The Court instructed Plaintiff to file an amended complaint in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). The Court discussed those pleading requirements in the context of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the Fair Labor Standards Act ("FLSA"), the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"), and other statutes, including the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). Plaintiff's original complaint was 461 pages long; the Court instructed Plaintiff to limit the length of his amended complaint to no more than 20 pages.

      The Court later granted Plaintiff an extension of time – until September 14, 2017 – to file an amended complaint. But on July 12, 2017 – well before the original period to file an amended complaint expired – Plaintiff filed his amended complaint. (ECF No. 13.) Plaintiff's amended

complaint is 27 pages in length and includes handwritten and typewritten parts, attached copies of documents from the Equal Employment Opportunity Commission ("EEOC"), and an attached copy of an excerpt of this Court's June 16, 2017 order. Plaintiff names his former employer, Spartan Security Services ("Spartan"), and his union, "Union 32BJ SEIU" ("32BJ"), as defendants. He uses an amended complaint form issued by this Court, checking boxes in it indicating that he is asserting claims under 42 U.S.C. § 1981, the ADEA, and the NYSHRL and NYCHRL. And Plaintiff's allegations seem to show that he is asserting additional claims under Title VII, the ADA, the FLSA, and hybrid claims under the LMRA and NLRA.

After Plaintiff filed his amended complaint, he filed five additional submissions (ECF Nos. 14-18.) Four of them are handwritten letters from Plaintiff that include additional allegations. (ECF Nos. 14-15, 17-18). The other submission is a copy of a July 29, 2016 letter to Plaintiff from the EEOC informing Plaintiff that the EEOC dismissed his discrimination charge and issued him a notice of his rights. (ECF No. 16.) The Court construes these submissions as supplements to the amended complaint.

Plaintiff has failed to comply with the Court's order to limit the length of his amended complaint to no more than 20 pages. But the Court will not dismiss Plaintiff's action for that reason. As discussed below, the Court dismisses Plaintiff's federal claims because of his failure to state a claim on which relief may be granted, and dismisses his state-law claims without prejudice because the Court declines to exercise supplemental jurisdiction over them.

### STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can

also dismiss a complaint for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Much of the handwritten portion of Plaintiff's amended complaint is illegible. And much of the typewritten portion of Plaintiff's amended complaint, while legible, is still unintelligible. Plaintiff checks the boxes on his amended complaint form asserting that Spartan did not promote him, provided him with unequal terms and conditions of employment, harassed him or created a hostile work environment for him, terminated his employment, and retaliated against him. Plaintiff seems to assert that Spartan discriminated against him because of his sex, race, and his perceived disability, and retaliated against him for his previous litigation. He also apparently alleges that he was not paid for all of the time that he worked. The Court further understands that Plaintiff alleges that 32BJ failed in its duty to represent Plaintiff with regard to Spartan's alleged discrimination and retaliation against him.

## DISCUSSION

### A.    Pleading requirements under Fed. R. Civ. P. 8

In its June 16, 2017 order, the Court discussed in detail what is required to comply with the Rule 8 pleading requirements. (ECF No. 10 at 5-9.) The Court first discussed the Rule 8 pleading requirements generally (*id.* at 5), and then in the context of Title VII, ADEA, ADA, and FLSA claims, as well as LMRA-NLRA hybrid claims (*id.* at 6-8). Because of Plaintiff's failure to comply with those pleading requirements in his original complaint, the Court granted Plaintiff

3

leave to file an amended complaint. In the amended complaint, Plaintiff was to allege sufficient facts to state a plausible claim against each defendant named. (*Id.* 8-9.)

Plaintiff's amended complaint does not comply with the Rule 8 pleading requirements for two reasons. The first is that the Court cannot understand a significant portion of the amended complaint; the Court cannot read much of Plaintiff's handwriting, and even some typewritten parts are unintelligible.

The second reason is that the amended complaint does not state a plausible claim for relief under § 1981, Title VII, the ADEA, the ADA, the FLSA, or the LMRA or NLRA. Plaintiff merely makes unsupported allegations that a defendant, or one of its employees or officers, unlawfully harmed him. Plaintiff does not give sufficient detail "to state a claim to relief that is plausible on its face" *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007), such that this Court can "draw the reasonable inference that [a] defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because, after being given a chance to amend his complaint, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief under federal law, the Court dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted. *Wachtler*, 35 F.3d at 82.

**B.**     **Supplemental state-law claims**

The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained). The Court therefore dismisses Plaintiff's state-law claims without prejudice.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses Plaintiff's federal claims for failure to state a claim on which

relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and therefore dismisses Plaintiff's state-law claims without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 15, 2017
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge